IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:11cr123-SRW |
| | ) | |
| FRANK ANTHONY VILTZ, JR. | ) | |

### ORDER

Upon consideration of defendant's Oral Motion to Continue Change of Plea Hearing and Sentencing previously set for July 23, 2013, and for good cause, it is

ORDERED that the motion is GRANTED to the extent that **Jury Selection and Jury Trial is set for 10:00 a.m. on September 9, 2013 in Dothan, Alabama** before the undersigned Chief United States Magistrate Judge. Defendant has previously been scheduled for a change of plea and sentencing on two occasions – March 12, 2013, and July 23, 2013 – but has failed to appear twice, citing various transportation issues. If defendant still wishes to change his plea, he may do so at any time **prior to** his September 9, 2013 jury trial, either in federal court in Montgomery, Alabama, or at such other federal court as may be authorized to take his guilty plea. If he does not change his plea before the September 9 trial date, the court will expect defendant to be ready to proceed to trial on that date. If he fails to appear again for any scheduled proceeding, an arrest warrant will issue.

In setting this case for trial on the term indicated above, the court recognizes that the Speedy Trial Act places limits on the court's discretion, and that under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). In determining whether a case should be set after the expiration of the 70 day period, a court must consider among other factors

"[w]hether the failure to [set the case at a later date] . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv). Based on the nature of this case, the parties' need for adequate time for discovery and the need for counsel to have adequate time for trial preparation, the court finds that the ends of justice served by setting this case on this trial term outweigh the best interest of the public and the defendant in a speedy trial.

Any requested voir dire questions and jury instructions must be filed no later than **one week before jury selection**.

DONE, this 25th day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE